**An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.**

## IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
LYNN R. SHOEN, BAR NO. 1197.

No. 65034

**FILED**

APR 23 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

### ORDER OF TEMPORARY SUSPENSION

This is a petition by the state bar, through the Southern Nevada Disciplinary Board, for an order temporarily suspending attorney Lynn R. Shoen from the practice of law, pending the resolution of formal disciplinary proceedings against her. The petition and supporting documentation demonstrate that Shoen misappropriated and misused client funds from client trust accounts.[1]

SCR 102(4)(a) provides, in pertinent part:

> On the petition of a disciplinary board, signed by its chair or vice chair, supported by an affidavit alleging facts personally known to the affiant, which shows that an attorney appears to be posing a substantial threat of serious harm to the public, the supreme court may order, with notice as the court may prescribe, the attorney's immediate temporary suspension or may impose other conditions upon the attorney's practice.

In addition, SCR 102(4)(b) provides that we may place restrictions on an attorney's handling of funds.

---

[1]Shoen filed a response to the petition and the state bar filed a reply. We have considered both filings as part of our determination in this matter.

SUPREME COURT
OF
NEVADA

(O) 1947A

14-13076

We conclude that the documentation before us demonstrates that Shoen poses a substantial threat of serious harm to the public, and that her immediate temporary suspension is warranted under SCR 102(4)(a). Accordingly, we hereby order attorney Lynn R. Shoen temporarily suspended from the practice of law pending the resolution of formal disciplinary proceedings against her.

We further conclude that Shoen's handling of funds should be restricted. Accordingly, pursuant to SCR 102(4)(a), (b), and (c), we impose upon Shoen the following conditions:

1. Shoen is precluded from accepting new cases and is precluded from continuing to represent existing clients, effective immediately upon service of this order;

2. All proceeds from Shoen's practice of law and all fees and other funds received from or on behalf of her clients shall, from the date of service of this order, be deposited into a trust account from which no withdrawals may be made by Shoen except upon written approval of bar counsel; and

3. Shoen is prohibited from withdrawing any funds from any and all accounts in any way relating to her law practice, including but not limited to her general and trust accounts, except upon written approval of bar counsel.

The state bar shall immediately serve Shoen with a copy of this order. Such service may be accomplished by personal service, certified mail, delivery to a person of suitable age at Shoen's place of

employment or residence, or by publication.[2] Shoen shall comply with the provisions of SCR 115.

It is so ORDERED.

_____, C.J.
Gibbons

_____, J.       _____, J.
Pickering                           Hardesty

_____, J.       _____, J.
Parraguirre                   Douglas

_____, J.       _____, J.
Cherry                            Saitta

cc:   David A. Clark, Bar Counsel
       Jeffrey A. Albregts, Chair, Southern Nevada Disciplinary Board
       Kimberly K. Farmer, Executive Director, State Bar of Nevada
       Lynn R. Shoen
       Perry Thompson, Admissions Office, United States Supreme Court

---

[2]When served on either Shoen or a depository in which she maintains an account, this order shall constitute an injunction against withdrawal of the proceeds except in accordance with the terms of this order. *See* SCR 102(4)(b).